**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBIN DORKOWSKI, an individual, | No. 23-55293 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-01901-SB-JPR |
| v. | |
| COUNTY OF SAN BERNARDINO, by and through the San Bernardino County Department of Children and Family Services; HESPERIA POLICE DEPARTMENT; APPLE VALLEY POLICE DEPARTMENT, in contract with San Bernardino County Sheriff's Department, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOES, Social Worker 1, an individual; Does 1 through 25, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted February 8, 2024[]
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.

Robin Dorkowski appeals the dismissal of her 42 U.S.C. § 1983 action against San Bernardino County ("the County")[***] and unnamed defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021), and we affirm.

The district court dismissed the complaint because Dorkowski had not alleged wrongdoing attributable to the County, rather than unnamed individual defendants, or any County policy, practice, or custom that caused the harms she alleged. In her opening brief, Dorkowski does not substantively address these grounds for dismissal, so she has waived any challenge to them. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (We do not

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    Although Dorkowski also named defendants Hesperia Police Department and Apple Valley Police Department, the district court determined that the County was the proper defendant. Dorkowski has not disputed this determination or opposed the County's motion on appeal to correct the docket to list the County as the proper defendant (Docket Entry No. 17).

consider "issues which are not specifically and distinctly argued and raised in a party's opening brief.").

Dorkowski instead contends that the district court erred in dismissing the complaint before she could access the records of her grandchildren's juvenile dependency proceedings. However, she cites to no authority showing that she was entitled to these records before dismissal or otherwise. She does not explain how the records would have helped her cure the pleading deficiencies that formed the basis for the district court's dismissal. Dorkowski was also not denied access to the juvenile court proceedings; she participated in them. The juvenile court denied her request for a change of placement for the children, finding Dorkowski had not shown the change would be in the children's best interest. The juvenile court later denied her petition to view the records of the proceedings, finding that it would not be in the best interest of the children who had since been adopted. In the present action, Dorkowski does not challenge the juvenile court's denial of her petition nor has she raised a basis for doing so. In sum, she has shown neither that she was entitled to the juvenile court records nor that the district court erred in dismissing the complaint.

Dorkowski also contends that the district court erred in dismissing her *Monell* liability claim by disregarding her daughter's holographic will. *See Monell*

3

*v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978) (describing circumstances where there may be municipal liability under 42 U.S.C. § 1983). She asserts the will permits her to sue for violations of her daughter's due process right to determine the care, custody, and control of her children. This assertion is unsupported by any legal authority. And Dorkowski has not shown that she herself holds a liberty interest in the care, custody, or control of her grandchildren. *See Miller v. California,* 355 F.3d 1172, 1175 (9th Cir. 2004) (explaining that although we recognize parents hold a liberty interest in decisions about the care, custody, and control of their children, "we have never held that any such right extends to *grandparents*"). Even if Dorkowski had established such an interest, she did not identify any policy, practice, or custom of the County that caused the removal of her grandchildren from her care. *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 558 (9th Cir. 2018) ("A county is subject to Section 1983 liability if 'its policies, whether set by the government's lawmakers or by those whose edicts or acts . . . may fairly be said to represent official policy, caused the particular constitutional violation at issue.'" (quoting *Streit v. Cnty. of Los Angeles,* 236 F.3d 552, 559 (9th Cir. 2001)). The district court did not err in dismissing Dorkowski's *Monell* claim.

4

Dorkowski's Motion for Judicial Notice (Docket Entry No. 8) and the

County's Motion to Correct the Court Docket (Docket Entry No. 17) are granted.

**AFFIRMED.**